UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **GREG COLEMAN**, | ) |
| | ) |
| Plaintiff, | ) 1:17-cv-00528 |
| | ) |
| v. | ) |
| | ) Judge Franklin Valderrama |
| **RANDY PFISTER**, sued in his individual capacity; **GHALIAH OBAISI**, Independent Executor and substituted as a party defendant for Saleh Obaisi, M.D.; **WEXFORD HEALTH SOURCES, INC.**; **JERMIAGH DALY**, sued in his individual capacity; **NICHOLAS LAMB**, sued in his individual capacity; **KENNETH HARRIS**, sued in his individual capacity; **RICARDO TEJEDA**, sued in his individual capacity; **NOEL ACOSTA**, sued in his individual capacity; and **JOHN DOES**, currently unknown employees of the Illinois Department of Corrections or Wexford Health Sources, Inc., | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**PLAINTIFF'S SECOND STATUS REPORT REGARDING SETTLEMENT**

Pursuant to the Court's January 6, 2021 Minute Entry (ECF No. 281), Plaintiff Greg Coleman hereby submits this Second Status Report Regarding Settlement. In the Court's Minute Entry, the Court directed the parties to "file a joint status report regarding status on settlement by 01/29/2021." The order stated that "[i]f the settlement documents have not been certified by the Attorney General by 01/29/2021, the Defendants shall include in the report an explanation for the reason for the delay in certification and provide an estimated date by when they reasonably expect certification." While the parties tried to negotiate the terms of the joint status report today, due to a breakdown in negotiations over the language of this status report, Plaintiff's counsel proposed this afternoon that each side detail its own position in the joint report and even included

Defendants latest position in the draft. But then, around 6:00 pm, Counsel for IDOC Defendants informed counsel for Plaintiff that he had taken the day off and was not able to sufficiently respond to Plaintiff's position before the filing deadline, even though he had been responding to emails and proposing substantial edits to the drafts the entire day. Counsel for IDOC Defendants plans to file a status report detailing IDOC's position on Monday. Plaintiff's position is below.

**Mr. Coleman's Claims Against the IDOC Defendants.**

According to counsel for IDOC Defendants, on January 26, 2021, the Settlement Agreement was approved by the Attorney General. Also according to the IDOC Defendants' counsel, the Settlement Agreement is now being processed by the IDOC, which will then send the paperwork necessary to process the payment to the Comptroller. The IDOC Defendants' counsel also stated that Plaintiff should be responsible for monitoring the payment by the Illinois Comptroller, which could take "multiple months" due to the backlog in payments.

**Plaintiff's Position:** Plaintiff believes that the IDOC Defendants are responsible for ensuring that IDOC processes and sends the materials to the Comptroller in a timely fashion. Plaintiff further believes the IDOC Defendants are responsible for monitoring the status of payment within the Comptroller's office. While it is true that counsel for Plaintiff can check the status of payment on the Comptroller's website, unlike IDOC and its counsel, counsel for Plaintiff has no contacts within the Comptroller's office to ensure payment is made in a reasonable timeframe. While Plaintiff understands that the IDOC Defendants are not the Comptroller, they should not be permitted to abdicate all responsibility for trying to ensure that the Comptroller pays the settlement funds on the IDOC Defendants' behalf. Finally, counsel for Plaintiff notes for the Court that it already has gone to extraordinary lengths in effectuating Plaintiff's end of the Settlement Agreement—all during COVID—including obtaining Plaintiff's

Social Security Card, getting Plaintiff's ink signature despite restrictions on in-person visitation at the Cook County Jail, obtaining counsel's ink signature even though our offices are closed, and then hand-delivering the Settlement Agreement to counsel for IDOC at the Thompson Center. The Settlement Agreement was signed by Plaintiff and his counsel more than two months ago. The IDOC Defendants need to be vigilant to get this settlement funded so this case can be dismissed.

Dated: January 29, 2021

Respectfully submitted,

**Counsel for Plaintiff Greg Coleman**

By: /s/ Debbie L. Berman

Debbie L. Berman
Matthew T. Gordon
Regina M. Wood
Huiyi Chen
Michael F. Linden
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, Illinois 60654
Telephone: 312 923-2764
Facsimile: 312 527-0484
dberman@jenner.com
mgordon@jenner.com
rwood@jenner.com
hchen@jenner.com
mlinden@jenner.com

## CERTIFICATE OF SERVICE

I hereby certify that, on January 29, 2020, a true copy of the foregoing was served via ECF on counsel for Ghaliah Obaisi, Wexford Health Sources, Inc., Randy Pfister, Jermiagh Daly, Nicholas Lamb, Kenneth Harris, Ricardo Tejeda, and Noel Acosta:

Matthew Weller, mweller@cassiday.com

Ronald Neroda, rneroda@cassiday.com

Brett Furmanski, bfurmanski@cassiday.com

Andrew O'Donnell, AODonnell@atg.state.il.us

By:   /s/ Debbie L. Berman
Debbie L. Berman
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, Illinois 60654
Telephone: 312 923-2764
Facsimile: 312 527-0484
dberman@jenner.com