IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GREG COLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 17-cv-00528 |
| | ) | |
| v. | ) | Honorable Franklin U. Valderrama |
| | ) | Judge Presiding |
| RANDY PFISTER, *et al.*, | ) | |
| | ) | Magistrate Judge Michael Mason |
| Defendants. | ) | |

**DEFENDANTS' STATUS REPORT**
**PURSUANT TO THIS COURT'S FEBRUARY 3, 2021 ORDER**

Pursuant to the Court's February 3, 2021 Minute Entry (ECF #283), Defendants Pfister, Daly, Lamb, Harris, Tejeda, and Acosta (collectively, the "Defendants") submit this Second Status Report Regarding Settlement and state as follows:

1. On January 6, 2021, this Court directed the parties to file "a joint status report regarding status on settlement by 01/29/2021. If the settlement documents have not been certified by the Attorney General by 01/29/2021, Defendants shall include in the report an explanation for the reason for the delay in certification and provide an estimated date by when they reasonably expect certification." [ECF #281].

2. On January 27, 2020, the undersigned counsel communicated to Plaintiff's counsel that it appears the Attorney General certified the settlement documents on January 26, 2020.

3. On January 29, 2020, the undersigned counsel confirmed with Plaintiff's counsel that the Attorney General in fact did certify the settlement documents. Specifically, Defendants' edited status report stated:

> Due to security concerns surrounding President Biden's inauguration, the Thomas Center was shut down from January 18 to 22, 2021. On January 26, 2021, the Settlement Agreement was approved by the Attorney General. The Settlement Agreement is now

being processed by the IDOC, who will then send necessary materials to the Comptroller for payment. As stated in the Settlement Agreement, IDOC makes no representation when payment will be made. However, given the backlog in payments, in part due to Coronavirus, Counsel for the IDOC Defendants expects payment will take multiple months. The Parties agree to monitor and update the Court accordingly.

Ex. A

4. The parties disputed the last sentence of Defendants' edited status report.

5. On February 1, 2020, the undersigned emailed Plaintiff's counsel to resolve the dispute and file a joint status report.

5. On February 3, 2020, the parties spoke at length regarding the last sentence. Defendants stated it will monitor payment every three weeks, or when Plaintiff's counsel inquired.

6. Shortly after this call, this Court directed Defendants to provide an estimated date by when they reasonably expect payment and provide an explanation for the reasons of the delay. [ECF #283].

7. The Defendants reasonably expect payment to be made within 90 days. The undersigned spoke with IDOC counsel who informed him that as of February 1, 2020, the Comptroller's Office was processing vouchers dated January 4, 2020. However, as stated in the Settlement Agreement and settlement letter, Defendants make no representation that payment will be made in 90 days given that IDOC has no control over payment.

8. Defendants have gone through extraordinary lengths in order to work with Plaintiff and his counsel on this settlement. As this Court is aware, Plaintiff's counsel refused to accept a settlement check from the Co-Defendants, and facilitate payment to his client. Instead, Plaintiff filed a Motion with this Court requesting that Co-Defendant's provide Plaintiff with 10 cashier checks to the Plaintiff because Cook County Correctional Center will not accept any checks in

excess of one thousand. In order to accommodate Plaintiff's request, the undersigned worked with Cook County to facilitate payment without the needs to send multiple cashier checks.

9. While there has been a slight delay in executing the settlement documents, the unprecedented times of the Coronavirus, and mass riots causing the shutdown of the Thompson Center, is not the doing of the Defendants. Additionally, the Comptroller's Office requires that all settlement documents be personally signed. This required high-level executives within the Attorney General's Office to review and sign off on the Settlement Agreement.

10. As established, Defendants have proactively taken steps to insure payment is made within a reasonable time frame and will continue to do so.

Dated: February, 5, 2021

KWAME RAOUL
Attorney General of Illinois

Respectfully Submitted,
 /s/ Andrew O'Donnell
ANDREW O'DONNELL
Assistant Attorney General
General Law Bureau
100 W. Randolph, 13th Floor
Chicago, Illinois 60601
(312) 814-6135

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on February 5, 2021, he electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

*/s/ Andrew O'Donnell*